IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESLIE WATSON, JR.,

       Plaintiff,

v.                                       CIV 00-1276 MV/KBM

WILFRED ROMERO,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND ORDER TO CORRECT CAPTION AND TO FILE DISPOSITIVE MOTION and/or MARTINEZ REPORT

This matter is before the Court on Plaintiff's Motion of Joinder *(Doc. 12),* which I recommend be denied.  It is necessary to discuss the allegations in his Complaint to understand the pending motion.

Plaintiff is incarcerated at the Western New Mexico Correctional Facility ("WNMCF") in Grants, New Mexico.  He filed this action in September, 2000 alleging that while he was incarcerated in the Santa Fe County Jail ("SFCJ") in March, he was housed with a cellmate who was "yellow." Plaintiff further asserts that he was required to share "everything" with this cellmate including a razor and water.  Concerned he would be exposed to "yellow jaundice," Plaintiff apparently informed an officer of his cellmate's condition.  Plaintiff alleges the officer told him that he could "not get it."  The officer then took Plaintiff's cellmate "to medical," but the Complaint does not indicate whether the cellmate was tested or the result of any test.  At the

infirmary the next day, Plaintiff avers that was told by a physician's assistant[1] that he "could not get it."

By August, Plaintiff was transferred to WNMCF, where he alleges he tested positive for hepatitis of the "B" and "C" varieties. *See Doc. 10.* Allegedly the doctor at WNMCF told Plaintiff that hepatitis is contracted by infected blood and that Plaintiff had been "exposed" at SFCJ. *See Complaint.* Plaintiff then brought suit against "Wilford Romero," the warden of SFCJ,[2] for damages in the amount of $575,000.

Plaintiff does not specify whether Defendant is sued in his official or personal capacity. Plaintiff does not seek injunctive relief, nor could he, as he is not incarcerated at SFCJ. *Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir. 1997); *see also McAlpine v. Thompson,* 187 F.3d 1213, 1216 (10th Cir. 1999) (reaffirming *Green* in light of potential conflicting decisions). In addition, damages are not available against Defendant in his official capacity. *E.g., Kentucky v. Graham,* 473 U.S. 159, 165 (1985); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989), *Whitney v. New Mexico,* 113 F.3d 1170, 1173 (10th Cir. 1997). Therefore, this action will proceed against Defendant solely in his personal capacity.

In his Answer filed October 23, 2000, Defendant asserts that he is entitled to absolute and qualified immunity. The Answer further suggests that the conduct of which Plaintiff complains pertains to persons other than Defendant. However, Defendant has not yet filed a dispositive motion in this regard.

In his "motion of joinder," Plaintiff seeks to raise a new claim for denial of medical care at

---

[1] I assume that "PA" is an abbreviation for physician's assistant.

[2] His name should corrected to read "Wilfred Romero." *See Answer.*

WNMCF regarding treatment for "prostatitis" – inflamation of prostate.  Plaintiff does not seek to add additional defendants, and Defendant Romero is in no way responsible for Plaintiff's medical treatment at WNMCF.  That alone is grounds to deny the motion.  Second, and more importantly, Plaintiff alleges that because of the expense, his prostate medication has been changed since his transfer to WNMCF, and that he is now receiving a "nonformulary" (apparently generic) prescription.

Plaintiff believes he is entitled to the "best medical [care] that the state can and will provide;" that is, the same medication he was receiving at SFCJ.  *Doc. 11.*  Yet, Plaintiff merely alleges a difference of opinion concerning his medical care, which fails to state a claim.  *E.g., Jennings v. Natrona County Detention Ctr. Med. Facility,* 175 F.3d 775, 781 (10th Cir. 1999). Accordingly, the motion should be denied.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Plaintiff's Motion of Joinder *(Doc. 12),* be denied and that and that Defendant be required to file a dispositive motion and/or *Martinez* Report[3] by January 19, 2001, and that Plaintiff be required to file his response by February 19, 2001.

**IT IS FURTHER ORDERED THAT** the caption be amended to reflect "Wilfred

---

[3]Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this court may order defendants to investigate the incident or incidents underlying plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim.  *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987).  A *Martinez* report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary judgment.  When a *Martinez* report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report.  *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

Romero as the correct spelling of Defendant's name.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

UNITED STATES MAGISTRATE JUDGE

4